UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN POKALSKY<br><br>Plaintiff,<br><br>-against-<br><br>PARISH OF SAINT RAPHAEL and SAINT RAPHAEL ROMAN CATHOLIC CHURCH,<br><br>Defendants. | **MEMORANDUM AND ORDER**<br><br>Case Nos.: 23-CV-4786, 23-CV-4887, 23-CV-4974, 23-CV-5091, 23-CV-5190, 23-CV-5376 |

**BLOCK, Senior District Judge:**

In each of these six actions, Plaintiffs allege childhood sexual abuse by persons associated with the Roman Catholic Diocese of Rockville Centre ("the Diocese"). The Defendants, which are owned and operated by the Diocese, removed these actions from New York state court to the Eastern District of New York. The Plaintiffs have each moved to remand back to state court. For the following reasons, Plaintiffs' motions are granted.

I.   BACKGROUND

In each case, Plaintiff alleged that they suffered childhood sexual abuse by persons associated with the Diocese. Pursuant to the New York Child Victims Act ("CVA") — which reopened the statute of limitations for survivors to pursue

1

claims based on childhood sexual abuses in 2019 — these and "hundreds of victims have sued the Diocese and related entities for negligence related to the acts of sexual abuse allegedly committed by clergymen [and others] working for the Diocese" in New York state court.  *See In re Child Victims Act Cases Removed From State Ct.*, No. CV 23-5029(GRB), 2023 WL 5123396, at *2 (E.D.N.Y. Aug. 10, 2023) (quoting *Roman Cath. Diocese of Rockville Ctr., New York v. Arrowood Indem. Co.*, No. 1:20-cv-11011 (JLR), 2022 WL 17593312, at *1 (S.D.N.Y. 2022)).

In response to the hundreds of these actions for childhood sexual abuse, the Diocese commenced a pending Chapter 11 bankruptcy proceeding in the U.S. Bankruptcy Court for the Southern District of New York in October 2020.  While the parties consented to a stay of the state court proceedings for several years, the claimants withdrew their consent in January 2023, and the Bankruptcy Court ultimately rejected the Diocese's efforts to continue the stay, reasoning, "[f]or every day the injunction lasts, [plaintiffs] are not only prevented from pursuing recovery on their claims, but their ability to prove their underlying case is weakened."  *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. 622, 666 (Bankr. S.D.N.Y. 2023).

Once the stay was lifted, defendants moved to "immediately remove[] hundreds of state cases to [the Eastern District of New York]," pursuant to "related

to" jurisdiction under 28 U.S.C. § 1334(b).  *In re Child Victims Act Cases*, 2023 WL 5123396, at *3.  Judge Brown has characterized this tactic as a "procedural device[] to scuttle plaintiffs' opportunity to have their cases heard."  *Id.*  Plaintiffs have now moved to remand.

## II.   DISCUSSION

The sole issue before the Court is whether it should mandatorily or permissively abstain from exercising jurisdiction over these six cases.  Fortunately, this Court proceeds with the benefit of considering thoughtful opinions from my colleagues on the bench in this District, including Judges Brown and Gonzalez.[1]  Indeed, per Judge Garaufis's recent count, courts in this District have already remanded more than 135 cases back to state courts.  *See In re Child Victims Act Cases Removed from State Ct.*, No. 23-CV-04791, 2023 WL 6050276, at *1 (E.D.N.Y. Sept. 15, 2023).

The federal jurisdiction at issue is 28 U.S.C. § 1334(b), which provides federal district courts with original, but not exclusive, jurisdiction for civil proceedings "related to cases under title 11" of the Bankruptcy Code.  However, under so-called "mandatory abstention," federal courts must abstain from

---

[1] Those opinions are *In re Child Victims Act Cases Removed From State Ct.*, No. CV 23-5029(GRB), 2023 WL 5123396, (E.D.N.Y. Aug. 10, 2023) (Brown, J.) and *In re Child Victims Act Cases Removed From State Ct.*, No. 23-CV-04741, 2023 WL 5287067 (E.D.N.Y. Aug. 17, 2023) (Gonzalez, J.).  A number of other courts in this District have issued opinions following theses Judges' lead and remanding the actions to New York state court.

exercising jurisdiction if proceedings "related to" a pending bankruptcy code satisfy six elements delineated by 28 U.S.C. § 1334(c)(2). *See Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579–80 (2d Cir. 2011) (construing elements).

For the same reasons set forth by Judge Gonzalez in is persuasive opinion remanding ten similar cases, *see In re Child Victims Act Cases*, 2023 WL 5287067, at *6–8 (analyzing the elements under 28 U.S.C. § 1334(c)(2) and Second Circuit caselaw), the Court concludes that mandatory abstention applies. For the sixth element, the timeliness of adjudication, the Court finds particularly persuasive the considerations that New York has provided state courts with resources to timely adjudicate CVA claims, and that New York courts have developed a body of law around such claims. Accordingly, mandatory abstention requires the Court to remand these six actions back to state court.[2]

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motions are granted. The Court remands the following cases back to state court:

---

[2] Following my colleagues' similar decisions, the Court notes that even if mandatory abstention were not applicable, the Court would find appropriate either permissive abstention pursuant to 28 U.S.C. § 1334(c)(1), which allows courts to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law," or equitable remand on "any equitable ground," pursuant to 28 U.S.C. § 1452(b).

- *ARK387 Doe v. St. Barnabas Apostle, et al.*, E.D.N.Y. No. 23-CV-4786, Nassau County Index No. 900091/2021

- *Pokalsky v. Parish of Saint Raphael et al.*, E.D.N.Y. No. 23-CV-4887, Nassau County Index No. 900139/2021

- *Klein v. Parish of St. Thomas More et al.*, E.D.N.Y. No. 23-CV-4974, Nassau County Index No. 900386/2021

- *Hendrickson v. Saint Joseph Roman Catholic Church et al.*, E.D.N.Y. No. 23-CV-5091, Suffolk County Index No., 610938/2021

- *Flanagan v. Parish of St. Martin of Tours et al.*, E.D.N.Y. No. 23-CV-5190, Nassau County Index No. 900381/2021

- *Hartley v. Maria Regina Diocesan High School et al.*, E.D.N.Y. No. 23-CV-5376, Nassau County Index No. 900269/2021

**SO ORDERED.**

　　　　　　　　　　　　　　　　 /S/ Frederic Block
　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
October 5, 2023